Law Offices of JoAnne M. Biernacki
3941 Park Blvd. Suite 20 # 166
El Dorado Hills, CA 95762
Phone (925) 956-3463
Facsimile:   (530)350-2643

Attorney for Plaintiff
RONNIE ALEXANDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE ALEXANDER<br><br>Plaintiff,<br><br>vs.<br><br>ALAMEDA COUNTY; GREGORY J. AHERN (Sheriff), JAMES MCGRAIL (supervising officer), DEREK THOMS (acting officer) DOES 1 through 100.<br><br>Defendants. | CASE NO.  3:15-cv-180<br><br>**COMPLAINT FOR DAMAGES §§ 1983, 1988, 1331, 1343**<br><br>Violation of Civil Rights; California State Law Supplemental Claim, Municipal and Supervisory Liability; Assault; Battery; Intentional Infliction of Emotional Distress; Negligence; Negligent Infliction of Emotional Distress;<br><br>DEMAND FOR JURY TRIAL |

### INTRODUCTION

1.      This is an action for money damages brought by RONNIE ALEXANDER, pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the common law of the State of California, against ALAMEDA COUNTY, Sherriff GREGORY J. AHERN, Officer JAMES MCGRAIL, DEREK THOMS, and DOES 1 through 100.

### JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon the United States District Court by 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

//

3. The actions giving rise to Defendants' liability, as alleged in this Complaint, occurred within the Northern District of California. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. With respect to those claims brought pursuant to California law, plaintiff is required to comply with an administrative claim requirement. Plaintiff has complied with all applicable requirements.

## INTRADISTRICT ASSIGNMENT

5. The events which give rise to Plaintiffs' claims occurred in Alameda County, California. This case is therefore appropriate for assignment to the San Francisco or Oakland Division pursuant to Civil Local Rule 3-2.

## IDENTIFICATION OF PARTIES

6. At all times material to this Complaint, Plaintiff Ronnie Alexander was a resident of Alameda County, California.

7. At all times material to this Complaint, Defendant ALAMEDA COUNTY SHERIFF'S DEPARTMENT was a public entity and a person within the meaning of 42 U.S.C. § 1983.

8. At all times relevant to this Complaint, Defendant Gregory J. Ahern is and was the Sheriff of Alameda County. Defendant Gregory J. Ahern is sued in his official and his individual capacities.

9. At all times relevant to this Complaint, Defendant James McGrail is and was the immediate supervising Deputy Sheriff of Alameda County acting under color of law and within the course and scope of his employment with the Sherriff's Department of the COUNTY OF ALAMEDA and thereby responsible for the performance of Deputy Sherriff Derek Thoms. Defendant James McGrail is sued in his official and his individual capacities.

//
//
//

10. At all times material to this Complaint, Defendant Derek D. Thoms was a Deputy Sherriff who was acting under color of law and within the course and scope of his employment with the Sherriff's Department of the COUNTY OF ALAMEDA. He is sued in his individual capacity.

11. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 100, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend their Complaint when the true names and capacities of Defendant DOES 1 through 100 have been ascertained. Plaintiffs are informed and believe, and on that basis allege, that Defendants DOES 1 through 100 are responsible in some manner for the injuries suffered and damages incurred by Plaintiffs as alleged in this Complaint. Any reference in this Complaint to "Defendant," "Defendants," or to a specifically-named Defendant refers also to Defendants DOES 1 through 100. These Defendants are sued in their individual and official capacities.

12. Each Defendant sued in this complaint acted as the agent or employee of every other Defendant and the actions of each Defendant were within the scope of that agency and employment.

## STATEMENT OF FACTS

13. On November 23, 2013, Plaintiff drove with two passengers northbound on Foothills Boulevard in Castro Valley, CA for one block.

14. As Plaintiff approached and then executed a left hand turn onto 167th Street, Plaintiff became aware of a vehicle behind him with emergency lights flashing. Plaintiff was unaware of any reason arising from his driving over the last block and a half that the emergency lights were directed at him, but still pulled to the right lane of 167th Street and came to a stop.

15. The vehicle with lights came to a stop behind the Jaguar instead of passing. Uncertain, since he was parked in the lane of traffic and unaware of any reason that he should be stopped, Plaintiff impulsively drove rapidly around the corner onto Liberty Street northbound.

//

16. In executing the turn, Plaintiff lost control of the Jaguar and impacted two parked vehicles. In his confusion, Plaintiff fled on foot and hid nearby and actually fell asleep or a had a lapse of consciousness for a period of time while in the backyard of a residence immediately near where the vehicle collision occurred.

17. After some time Plaintiff exited where he was hiding to discover a dog and Sherriff officers in immediate proximity to him. Plaintiff immediately showed his empty hands toward the Sherriff officers to indicate that he was no threat to their safety. He was ordered to lie down by one of the Sherriff officers, with the dog only a couple of feet away from him. Plaintiff felt threatened by the presence of the dog in such close proximity and did not immediately lie down in the path of the dog. Plaintiff has a surgically altered hip which prevents him from running quickly and lying down immediately without assistance.

18. Officer's commanded the dog to attack the unarmed, disabled, African-American man using a special language that sounded like Swahili to the Plaintiff. After the command was given Plaintiff felt the teeth of the dog tear into his leg. The dog remained on his leg for some time <u>even after he was detained and handcuffed</u>, until eventually the dog's weapon like grip was removed by the officer.

19. The wound from the dog bite on the shin of Plaintiff is significant in size and has caused long term damage.

20. Plaintiff was treated on the scene by emergency responders and taken to Eden Medical Center for further treatment and evaluation. The bite wound led to complications with his leg and multiple hospital visits for treatment and care.

## DAMAGES

21. PLAINTIFF ALEXANDER was physically, mentally and emotionally injured and damaged as a proximate result of Defendant's use of excessive force against him. In addition, PLAINTIFF ALEXANDER suffered the violation of his constitutional rights and the loss of his sense of security, dignity, and pride as a citizen and resident of the United States of America.

22. The individually named Defendant acted with malice and oppression, as described herein. This Defendant's conduct was intended to harm Plaintiff or was despicable, carried out with a conscious disregard of Plaintiff's rights and safety. Defendant's conduct also subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff therefore is entitled to recover exemplary damages from this Defendant.

23. Plaintiff found it necessary to engage the services of private counsel to vindicate his civil rights. Plaintiff is therefore entitled to recover all reasonable attorneys' fees incurred in the prosecution of this action against Defendants pursuant to 42 U.S.C. § 1988.

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Officer Acting Under Color of Law
### (By Plaintiff against Defendant DEREK THOMS)

24. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth in this claim for relief.

25. Defendant Sheriff's Deputy DEREK THOMS, acting under color of law, used excessive force against Plaintiff by releasing the police canine on Plaintiff when it was not objectively reasonable under the circumstances, thereby depriving Plaintiff of certain constitutionally protected rights, including but not limited to rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

26. As a proximate result of the conduct of Defendant DEREK THOMS, Plaintiff suffered physical injuries and pain and emotional distress and incurred general damages for the deprivation of his constitutional rights.

27. Defendant DEREK THOMS acted on a premeditated decision to release the police canine on Plaintiff, acted with full knowledge of the serious injury that Plaintiff would incur, acted in reckless and callous disregard for the constitutional rights of Plaintiff, and acted with willful oppression and malice. Plaintiff therefore seeks an award of punitive damages.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

//

//

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Municipal and Supervisory Liability**
**(By Plaintiff against Defendants GREGORY J. AHERN AND JAMES MCGRAIL, ALAMEDA COUNTY and DOES 1 through 100)**

28. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth in this claim for relief.

29. At all times relevant, Defendant Sheriff Gregory J. Ahern, Defendant supervisor James McGrail and other policy makers and/or individuals of authority and/or supervisors of Defendant Derek Thoms within Defendant Alameda County Sheriff's department identified as DOES 1 through 100, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of individuals in Alameda County, which caused the violations of Plaintiff's rights. The policies or customs maintained by Alameda County Sheriff's Department led to the improper use of canines by individual officers, including the release of canines to bite on individuals when it is not objectively reasonable to do so.

30. At all times relevant, Defendants Alameda County Sheriff's department and other supervisors of Defendant Thoms identified as DOES 1 through 100, failed to properly train Defendant Thoms in the use of police canines, including properly training Defendant Thoms to refrain from violating the Fourth Amendment rights of residents.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

**THIRD CLAIM FOR RELIEF**
**Assault**
**(By Plaintiff against All Defendants)**

31. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth in this claim for relief.

32. On November 23. 2013, Defendants intended to harm or come into offensive contact with Plaintiff.

33. Plaintiff reasonably apprehended that Defendants were about to touch them in a harmful or offensive manner.

//

34. Defendants also threatened to touch Plaintiff in a harmful or offensive manner and Plaintiff reasonably apprehended that each Defendant was about to carry out that threat.

35. Plaintiff did not consent to the conduct of any of the Defendants and were harmed thereby.

36. Each Defendant's conduct was a substantial factor in causing the alleged harm.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

### FOURTH CLAIM FOR RELIEF
### Battery
### (By Plaintiff against All Defendants)

37. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth in this claim for relief.

38. On November 23, 2013, Defendants touched Plaintiff or caused Plaintiff to be touched with the intent of harming or offending Plaintiff.

39. Plaintiff did not consent to the conduct of any of the Defendants.

40. Plaintiff was harmed by Defendants' conduct.

41. A reasonable person in Plaintiff's situation would have been offended by Defendants' conduct.

42. Each Defendant's conduct was a substantial factor in causing the alleged harm.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

### FIFTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
### (By Plaintiff against All Defendants)

43. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth in this claim for relief.

44. On November 23, 2013, Defendants either engaged in outrageous conduct intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

45. Plaintiff suffered severe emotional distress.

46. Each Defendant's conduct was a substantial factor in causing the alleged severe emotional distress.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

### SIXTH CLAIM FOR RELIEF
### Negligence
### (By Plaintiff against All Defendants)

47. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth in this claim for relief.

48. On November 23, 2013, Defendants were negligent in doing the acts alleged in this Complaint.

49. Plaintiff was injured as a result of that negligence.

50. As a proximate result of that negligence, Plaintiff suffered damages including severe emotional distress.

51. Each Defendant's conduct was a substantial factor in causing the alleged damages including severe emotional distress.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

### SEVENTH CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress
### (By Plaintiff against All Defendants)

1. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth in this claim for relief.

2. On November 23, 2013, Defendants were negligent in doing the acts alleged in this Complaint.

3. Plaintiff was injured as a result of that negligence.

4. As a proximate result of that negligence, Plaintiff suffered damages including severe emotional distress.

5. Each Defendant's conduct was a substantial factor in causing the alleged damages including severe emotional distress.

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

## EIGHTH CLAIM FOR RELIEF
### California Civil Code §§ 52, 52.1
### (By Plaintiff against All Defendants)

6. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth in this claim for relief.

7. On November 23, 2013, Defendants interfered with and threatened to interfere with Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Art. 1, § 13 of the California Constitution.

8. The actions of these Defendants were a substantial factor in causing Plaintiff to sustain harm and the special and general damages which Plaintiff will establish at trial.

9. The individually named Defendant DEREK THOMS acted with malice and oppression. This Defendant's conduct was intended to harm Plaintiff or was despicable, carried out with a conscious disregard of Plaintiff's rights or safety. Defendant's conduct also subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff is entitled to such statutory damages allowed by California Civil Code §§ 52, and 52.1(b).

**WHEREFORE**, Plaintiff seeks relief as hereafter set forth.

1. For general, pecuniary and special damages, according to proof;
2. For exemplary damages against all individually sued Defendants;
3. For statutory damages pursuant to California Civil Code §§ 52 and 52.1;
4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988.
5. For reasonable attorney's fees pursuant to California Civil Code §§ 52 and 52.1.
6. For prejudgment interest pursuant to Civil Code § 3288, or as otherwise permitted by law;
7. For costs of suit; and
8. For such other and further relief as the court may deem just and proper.

//

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in this action.

Dated: January 13th, 2015

By:

_____
Ronnie Alexander
Plaintiff

LAW OFFICES OF JOANNE M. BIERNACKI

Respectfully Submitted,

_____
JoAnne M. Biernacki
Counsel for Plaintiff