Rebecca S. Widen, SBN 219207
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:    510-763-2324
Fax:    510-273-8534
E-mail:  rwiden@htalaw.com

Attorneys for Defendants
COUNTY OF ALAMEDA, SHERIFF GREGORY J. AHERN,
JAMES MCGRAIL and DEREK THOMS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| RONNIE ALEXANDER, | Case No.:  3-15-cv-00180 EDL |
| Plaintiff, | **UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| vs. | |
| ALAMEDA COUNTY; GREGORY J. AHERN (Sheriff), JAMES MCGRAIL (supervising officer), DEREK THOMS (acting officer), DOES 1 through 100, | **Date:       July 6, 2016**<br>**Time:       10:00 a.m.**<br>**Courtroom:  Courtroom E - 15th Floor** |
| Defendants. | |

The parties to the above-entitled action jointly submit this updated Case Management Statement.

1.       The parties have reached a binding settlement in this matter, which will become complete once statutory medical liens have been satisfied by Plaintiff.  Plaintiff's counsel has resolved the attached Medicare lien (Exhibit A – waiver letter). Plaintiff's counsel has not been able to resolve all of the medical liens because she became aware after the Medicare lien was waived that a Medi-Cal lien may exist as well, and such possible lien needs to be waived or reduced.  In response to Plaintiff's Medi-Cal claim info submitted online per the attached Exhibit B, on April 12, 2016, Plaintiff's counsel received a letter from Medi-Cal in May 2016 incorrectly assuming Plaintiff's Counsel JoAnne Biernacki was the claimant and not Ronnie Alexander.  Since that time, Plaintiff's counsel has not been able to address the error on behalf of Medi-Cal because she has been on medical leave for various conditions and has just returned to her practice full time.  Plaintiff requires additional time to negotiate and pay the statutory

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone : 510-763-2324
Facsimile: 510-273-8534

*Alexander v. Alameda County, et al. / Case #3-15-cv-00180 EDL*
Updated Joint Case Management Statement And [Proposed] Order

medical liens before the settlement is completed.  Plaintiff's counsel anticipates that this will occur within another 90 days.

      2.      The parties jointly request that the case be stayed for another 90 days to allow the settlement to be finalized.

      3.      Once the settlement is finalized, the parties will file a stipulation for dismissal with prejudice.

Dated:  June 30, 2016        HAAPALA, THOMPSON & ABERN, LLP

By:   /s/ Rebecca S. Widen
      Rebecca S. Widen
      Attorneys for Defendants

Dated:  June 30, 2016        LAW OFFICES OF JOANNE BIERNACKI

By: */s/ JoAnne M. Biernacki
      JoAnne M. Biernacki
      Attorney for Plaintiff
      *Ms. Biernacki gave her consent to e-file this document

## **ORDER**

The case is stayed for 90 days to allow finalization of the parties' settlement, as stated above.  The parties shall file a stipulation for dismissal with prejudice when the settlement is complete.

Dated: _____
      Magistrate Judge Elizabeth D. Laporte

# EXHIBIT A



*Scan, file*



March 24, 2016

2153 1 MB 0.439
***MIXED AADC 720 R:2153 T:9 P:9 PC:1 F:600801
JOANNE BIERNACKI
3941 PARK DR STE 20
EL DORADO HILLS, CA 95762-4577

|||ɪ|ıɪ|ııɪ|ɪ||ɪ|ɪ|ɪ|ɪ|ɪ|ɪ|ı|ɪ||ɪ||ɪ||ɪ|ɪ|ɪ||ɪ||ɪ|ɪ|ɪ|ı|ɪ|ı||ɪ||



Beneficiary Name:          RONNIE ALEXANDER JR
Medicare Number:           564818981A
Date of Incident:          November 23, 2013
Case Identification Number: 201531009001591
Document Control Number:   18030816-0002642

Subject: Wavier Granted, Case Closed

Dear JOANNE BIERNACKI:

If we know you have a representative for this matter, we are sending him/her a copy of this letter.
If you have any questions regarding this letter and are represented by an attorney or other
individual in this matter, you may wish to talk to your representative before contacting us.

We have completed our review of the request for waiver of Medicare's recovery claim against
your settlement, judgment, or award for the above-reference case. The information we received
shows that you were without fault in causing the overpayment. In addition, the settlement
proceeds were not adequate to repay Medicare and you retain a fair portion of the settlement. It
is our determination that you qualify for a full/partial waiver.

This determination is based upon the provisions of Section 1870(c) of the Social Security Act (42
U.S.C. 1395gg(c)), and the Federal regulations found at 42 CFR 405.355-405.356 and 405.358
(including 20 CFR 404.507-509, 404.510a and 404.512, as incorporated by 42 CFR 405.356).
These provide, in part, that a beneficiary's overpayment may be waived if the beneficiary is
without fault in causing the overpayment <u>and</u> if recovery would either defeat the purpose of the
Social Security Act (including the Medicare Program) or would be against equity and good
conscience. Because you meet these requirements, we are granting the waiver in respect to the
amount owed to Medicare.

---

**NGHP • P.O. Box 138832 • Oklahoma City, OK 73113**                           ML022NGHP

# EXHIBIT B



**Thank You**

# Your information has been submitted, thank you.

<u>Back to Top</u>      Version: 1.4.0.1

Copyright © 2008 DHCS/CDPH, State of California